UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINNE PINER,

        CIVIL ACTION NO. 05 CV 40111 FL
      Petitioner,        CRIMINAL ACTION NO. 90-50024-2

      v.        DISTRICT JUDGE PAUL V. GADOLA

UNITED STATES OF AMERICA        MAGISTRATE JUDGE VIRGINIA M. MORGAN

      Respondent.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

On April 5, 2005, petitioner filed a motion entitled "Petitioner's Motion for Relief of Judgment Pursuant to Federal Rule of Civil Procedure, Rule 60(b)." The Clerk of the Court docketed the motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The district court entered an order requiring the government to file a response brief and permitting petitioner to file a reply brief. Further, the district court directed the parties to "address in the briefing whether this motion was properly docketed as a motion to vacate sentence under 28 U.S.C. § 2255 and whether the 60(b) motion actually constitutes a second or successive petition that must be transferred to the Court of Appeals for the Sixth Circuit for the necessary 28 U.S.C. § 2244 certification." See Order dated April 21, 2005. The district court then referred the matter to this court for preparation of a report and recommendation.

-1-

## II.  Background

In 1991, petitioner was convicted of conspiring to distribute controlled substances, 21 U.S.C. § 846, 841(a)(1), possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), employing a person under age18 to distribute controlled substances, 21 U.S.C. § 845(b)(A)(1), distributing controlled substances to persons under age 21, 21 U.S.C. § 845(a), and using or carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c).  District Judge Stewart Newblatt, now retired, sentenced petitioner to 360 months' imprisonment on the controlled substances charges and to a consecutive term of 40 months' imprisonment on the firearm charge.  The Sixth Circuit affirmed petitioner's convictions and sentences.  United States v. Piner, 1993 WL 360698 (6th Cir. 1993).

In July, 1996, petitioner filed a motion to vacate his sentence pursuant to § 2255, alleging that the district court improperly admitted evidence of other bad acts and that he was denied the effective assistance of counsel.  Judge Newblatt appointed counsel to represent petitioner.  In a reply brief to the Government's answer, counsel raised a new claim – that petitioner's 924(c) conviction was no longer valid following Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (1995).  Judge Newblatt construed the assertion of the Bailey claim as a request by counsel to amend petitioner's § 2255 motion, denied the request to amend, and determined that petitioner's other claims were lacking in merit.

Petitioner appealed the district court's denial of his § 2255 motion.  The circuit court granted petitioner a certificate of appealability on the question of whether the district court erred in denying petitioner's request to amend his motion.  The circuit court then determined that the

district court had abused its discretion in so doing. However, the court advised petitioner that if he prevailed on his Bailey claim on remand, he might receive a lengthier sentence than the 420 months he had been sentenced to. The court noted that the Government had informed petitioner's counsel that if the 924(c) charge was dismissed on remand, the Government would seek a two-point firearm enhancement pursuant to § 2D1.1 of the United States Sentencing Guidelines. Such an enhancement would have resulted in a new Total Offense Level of 44, with a Criminal History Category of I, resulting in a Guideline range of mandatory life imprisonment.

On remand, at a November 15, 1999 hearing, petitioner withdrew his § 2255 motion based upon the concerns expressed by the circuit court, as indicated in an order entered by the Judge Gadola, who was assigned to the case following Judge Newblatt's retirement:

> On November 15...Petitioner withdrew his motion in open court. Petitioner stated on the record that he discussed with his attorney the warning in the Sixth Circuit's June 21, 1999 Order that if his sentence were vacated Petitioner would risk mandatory life imprisonment upon resentencing. Petitioner further stated that he understood that by withdrawing his motion he is not entitled to have his sentence vacated.
>
> Accordingly, this Court being fully advised in the premises, and for reasons stated on the record,
>
> **IT IS HEREBY ORDERED** that Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed July 29, 1996 [Docket Entry 930] is considered **WITHDRAWN** and is **DENIED** as moot."

Order Dated November 19, 1999.

As noted above, petitioner filed the motion presently before the court on April 5, 2005. He seeks to have the November 19, 1999 order set aside pursuant to Fed. R. Civ. P. 60(b)(6) and to have the prior § 2255 proceeding re-opened so that he can litigate his Bailey claim.

### III.  Analysis

The first question the court must decide is whether petitioner's motion should be adjudicated as one for relief pursuant to Fed. R. Civ. P. 60(b), or whether it should be considered a second or successive § 2255 motion, in which case the court would be compelled to recommend that the matter be transferred to the Sixth Circuit for certification.

In In Re Abdur'Rahman, 392 F.3d 174, 181 (6th Cir. 2004)(citations omitted), the Sixth Circuit addressed the issue of when a Rule 60(b) motion should be treated as a second or successive habeas petition under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244 *et seq.*, stating the following:

> Whether a motion will be treated as one pursuant to Rule 60(b) or as a second or successive habeas petition will depend not on the label affixed to the motion, but on its substance.  It is only when a petitioner presents a direct challenge to the constitutionality of the underlying conviction that the petition should be treated as a second or successive habeas petition.  But if there is no such direct challenge and petitioner instead challenges the integrity of the district court opinion for one of the reasons provided in Rule 60(b), then the district court must treat the motion as one pursuant to Rule 60(b)....  This ruling applies with equal force to motions brought in the 28 U.S.C. § 2255 context since AEDPA incorporates by

        reference in § 2255 the same "second or successive" rules
imparted in § 2254.[1]

The Government claims that petitioner's motion is a thinly veiled effort to have his firearm conviction and sentence set aside on constitutional grounds and, therefore, that the motion should be considered a second or successive § 2255 motion regardless of the label placed upon it by petitioner. Petitioner vehemently denies that his motion constitutes an attempt to set aside his underlying firearm conviction or sentence. He contends that he is simply seeking relief from Judge Gadola's order dismissing his prior § 2255 motion based upon "extraordinary circumstances" and that the motion should thus be adjudicated as one brought under Rule 60(b)(6).

Petitioner's explanation for why this motion should be treated as a Rule 60(b)(6) motion rather than a second or successive § 2255 is somewhat convoluted. He refers to errors that allegedly occurred at trial and sentencing and claims that these errors, in combination with the Supreme Court's decision in United States v. Booker, –U.S.–, 125 S.Ct. 738 (2005), constitute the "extraordinary circumstances" warranting that the order dismissing his § 2255 motion be set aside. However, petitioner disclaims any intention to raise any of these claims as a substantive

---

[1] In the subsequent case of Gonzalez v. Crosby, –U.S.–, 125 S.Ct. 2641, 2651 (2005), the Supreme Court delivered a similar holding, concluding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." The Court further stated that "[a] motion that...challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals[.]" Id. While the Supreme Court's holding is limited to § 2254 cases, its reasoning would presumably apply equally to § 2255 cases for the reasons stated by the Sixth Circuit in In Re Abdur'Rahman.

basis for relief from the underlying criminal judgment. Rather, he simply seeks to use the claims as a vehicle to litigate his previously withdrawn Bailey claim. Further, petitioner requests only that the order dismissing his § 2255 petition be vacated. He does not request in the motion that the underlying judgment, or any portion of it, be set aside. Petitioner's motion thus bears indicia of both a second or successive § 2255 motion and a proper motion for relief pursuant to Rule 60(b)(6). Taking petitioner's assertions at face value, the court will treat his motion as one for relief under Rule 60(b)(6). Viewed as such, the court recommends that the motion be denied.

As the Sixth Circuit stated in Blue Diamond Coal Co. v. Trustees of UMWA, 249 F.3d 519, 524 (6th Cir. 2001)(citations and quotations omitted), subsection (6) of Rule 60(b) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.... Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." Petitioner made a reasoned and rational decision to withdraw his § 2255 motion after consulting with counsel. He does not claim that he was misled by counsel or the court, that any fraud was perpetrated upon him, or that he was otherwise not fully or properly advised as to the repercussions of pursuing or withdrawing his Bailey claim. He has not identified any defect in the underlying § 2255 proceedings and he has not otherwise cited anything that could reasonably be considered as so "unusual" or "extreme" as to warrant relief under Rule 60(b)(6). To the extent his claim rests upon the change of law effected by Booker, it is well-settled that a change of law, absent some other "special circumstance," is insufficient to warrant relief from an order or judgment under

Rule 60(b)(6). Id. at 524. Plaintiff has identified no such "special circumstance." Accordingly, petitioner cannot rely upon Booker as grounds for relief from the district court's order.

### IV. Conclusion

For the reasons stated above, the court recommends that petitioner's motion be treated as one for relief pursuant to Rule 60(b)(6) and that the motion, as such, be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                        s/Virginia M. Morgan  
                                        VIRGINIA M. MORGAN  
Dated:   September 14, 2005        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINNE PINER,

        CIVIL ACTION NO. 05 CV 40111 FL
    Petitioner,        CRIMINAL ACTION NO. 90-50024-2

  v.       DISTRICT JUDGE PAUL V. GADOLA

UNITED STATES OF AMERICA    MAGISTRATE JUDGE VIRGINIA M. MORGAN

    Respondent.
_____/

## REPORT AND RECOMMENDATION

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on Antoinne Piner and the attorneys of record by electronic means or U.S. Mail on September 14, 2005.

        s/Jennifer Hernandez
        Case Manager to
        Magistrate Judge Morgan