UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINNE PINER,

         Petitioner,  CRIMINAL CASE NO. 90-50024

v.

                  HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,  U.S. DISTRICT COURT

         Respondent.
_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S 60(b) MOTION

**I. Background**

    Petitioner originally submitted a motion entitled "Petitioner's Motion for Relief of Judgment Pursuant to Federal Rule of Civil Procedure, Rule 60(b)," filed on April 5, 2005. The Clerk of the Court docketed the motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The parties disagree as to whether Petitioner's motion constitutes a 28 U.S.C. § 2255 motion or a 60(b) motion, and whether such a motion should be granted. On August 10, 2005, the Court referred the matter to United States Magistrate Judge Virginia M. Morgan for a Report and Recommendation. The Magistrate Judge recommended that Petitioner's motion be treated as a motion for relief pursuant to Federal Rule of Civil Procedure 60(b), not as a § 2255 motion, and that the motion should be denied. Both parties filed objections. For the reasons stated below, the Court overrules Petitioner's objections, overrules Respondent's objections, and adopts the Magistrate Judge's Report and Recommendation, denying Petitioner's motion for relief pursuant to Federal Rule of Civil Procedure 60(b). Before the Court is also Petitioner's motion for discovery, which the Court also denies.

**II.    Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with

specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because both Petitioner and Respondent have filed objections to the Magistrate Judge's Report and Recommendation, the Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

### III.    Analysis

#### A.    Respondent's Objection

Respondent objects to the Magistrate Judge's recommendation to treat Petitioner's present motion as a Federal Rule of Civil Procedure 60(b) motion for relief from judgment. Respondent argues that Petitioner's motion should instead be treated as a second or successive motion under 28 U.S.C. § 2255.

When considering cases brought under § 2254, the United States Supreme Court in *Gonzalez v. Crosby*, _ U.S. _, 125 S.Ct. 2641 (U.S. 2005) held that:

> a Rule 60(b)(6) in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

*Gonzalez v. Crosby*, _ U.S. _, 125 S.Ct. 2641, 2651 (U.S. 2005). Though *Gonzalez* involved § 2254 cases, this Court will apply the reasoning analogously to § 2255 cases. Consequently, if a petitioner does not seek to assert or reassert claim of error in his federal conviction, but instead challenges a District Court's failure to reach the merits of a claim, then the District Court should not treat the 60(b) motion as a successive habeas petition.

In the current case, Petitioner was permitted by the Sixth Circuit Court of Appeals to file an amended § 2255 petition in order to argue that Petitioner's firearm conviction was no longer valid pursuant to *Bailey v. United States*, 516 U.S. 137 (1995). At a hearing before this Court on November 15, 1999, Petitioner withdrew his *Bailey* claim, and as a result, this Court denied the § 2255 petition as moot. In his current motion, Petitioner argues that he did not withdraw his *Bailey* claim freely because this Court used "coercive tactics" compelling Petitioner to withdraw his claim. Therefore, Petitioner is not bringing a new claim against his federal conviction, but instead is challenging this Court's failure to reach the merits of the *Bailey* claim in his earlier petition because of the alleged coercion compelling Petitioner to withdraw the claim. Consequently, the Magistrate Judge recommended that Petitioner's motion be treated as a 60(b) motion. This Court agrees with the reasoning of the Magistrate Judge, and will accordingly treat Petitioner's motion as a 60(b) motion, not as another § 2255 petition. For these reasons, the Court overrules Respondent's objection to the Magistrate Judge's Report and Recommendation. Though Petitioner's April 5, 2005 motion was docketed as a motion to vacate under § 2255, this Court will consider the motion to be a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

### B.   Petitioner's Objections

When considering Petitioner's motion as a 60(b) motion, the Magistrate Judge recommended that the motion be denied. Petitioner filed objections to this recommendation.

Petitioner's first objection is to the Magistrate Judge's characterization of Petitioner's argument as "convoluted." Whether the Magistrate Judge believed Petitioner's argument to be "convoluted" is immaterial, since the Magistrate Judge recommended the result for which Petitioner

was arguing: to treat the motion as a 60(b) motion and not as a § 2255 motion. Petitioner's first objection is therefore overruled.

Petitioner's second objection is to the Magistrate Judge's finding that Petitioner made a "reasoned and rational decision to withdraw his § 2255 motion." Petitioner claims his decision was neither reasoned nor rational. Petitioner claims that this Court used "coercive tactics" during the proceedings on November 15, 1999 to warn Petitioner of the consequences of a court order vacating his 18 U.S.C. § 924(c) conviction, and that such warning was "unusual and extreme." Petitioner claims that these coercive tactics caught him off guard and left him no choice but to withdraw his § 2255 motion. Petitioner concludes that this circumstance constitutes a "special circumstance" under *United States v. Booker*, 125 S.Ct. 738 (2005), and therefore serves as grounds for relief from an order of judgment under Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b)(6) reads in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). In *Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519 (6th Cir. 2001), the Court of Appeals for the Sixth Circuit stated that subsection (6) of Federal Rule of Civil Procedure 60(b) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. . . . Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519, 524 (6th Cir. 2001) (citations and quotations omitted). The existence of "coercive tactics" as

5

alleged by Petitioner might be exceptional circumstances justifying relief under Rule 60(b)(6).

A review of the audio record of the proceedings on November 15, 1999 reveals that no such "coercive tactics" or any other unusual method was used by the Court. At the November 15, 1999 hearing, Plaintiff was represented by counsel. The audio record reveals that Petitioner moved to withdraw his § 2255 motion at the very outset of the hearing before the Court addressed Petitioner on the matter. The record shows that, in an effort to confirm Petitioner's actions, this Court asked Petitioner whether he understood the consequences of not withdrawing his § 2255 motion as indicated by the Court of Appeals for the Sixth Circuit in its June 21, 1999 opinion remanding Petitioner's case. Petitioner responded that he indeed understood the consequences and he verified that he thus intended to withdraw his § 2255 motion. This Court then accepted the withdrawal of Petitioner's motion. There is absolutely no evidence in the record to support the allegation that this Court acted coercively or improperly. Consequently, there are no circumstances that would justify relief under Rule 60(b). For these reasons, the Court finds the analysis of the Magistrate Judge persuasive and, accordingly, the Court overrules Petitioner's second objection and consequently denies Petitioner's motion for relief under Rule 60(b).

**IV.     Petitioner's Discovery Request**

On March 6, 2006, Petitioner filed a motion or request for discovery. In his motion, Petitioner requests transcripts from the November 2, 1999 and November 15, 1999 hearings before this Court held on Petitioner's § 2255 motion. The court docket indicates that no hearing was held on November 2, 1999. Instead, there was a hearing held on November 15, 1999. It is at the November 15, 1999 hearing that Petitioner alleges the Court acted coercively and improperly. This

Court has reviewed the audio record of the November 15, 1999 hearing and has determined that there is absolutely no evidence to support Petitioner's allegations. Consequently, this Court denies Petitioner's discovery request.

**V.     Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Respondent's objection to the Magistrate Judge's Report and Recommendation [docket entry 1225] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's objections to the Magistrate Judge's Report and Recommendation [docket entry 1226] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 1223] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) [docket entry 1217] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion/request for discovery [docket entry 1233] is **DENIED**.

**SO ORDERED**.

Dated:   August 8, 2006                                              s/Paul V. Gadola
                                                                                   HONORABLE PAUL V. GADOLA
                                                                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 9, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                      Mark C. Jones                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                         Antoinne Piner                            .


                                                           s/Ruth A. Brissaud
                                                           Ruth A. Brissaud, Case Manager
                                                           (810) 341-7845