UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINNE PINER,

                                       Petitioner,        CRIMINAL CASE NO. 90-50024

v.

    UNITED STATES OF AMERICA,                HONORABLE PAUL V. GADOLA
                                                                     U.S. DISTRICT COURT
                                       Respondent.
_____/

## **ORDER DENYING PETITIONER'S CERTIFICATE OF APPEALABILITY**

Petitioner originally submitted a motion entitled "Petitioner's Motion for Relief of Judgment Pursuant to Federal Rule of Civil Procedure, Rule 60(b)," filed on April 5, 2005. The Clerk of the Court docketed the motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The parties disagreed as to whether Petitioner's motion constituted a successive 28 U.S.C. § 2255 motion or a 60(b) motion, and whether such a motion should be granted. On August 8, 2006, this Court construed Plaintiff's motion as a motion filed pursuant to Rule 60(b) and denied the motion. After Petitioner filed a motion for reconsideration, this Court denied the motion for reconsideration on November 30, 2006. Subsequently, Petitioner filed a notice of appeal on January 5, 2007.

A certificate of appealability is required as a prerequisite for a petitioner's appeal of the denial of a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). Thus, this Court must determine whether Petitioner is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue, and a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner

demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 at 893, n.4 (1983)).

After conducting a threshold inquiry into Petitioner's claims, the Court determines that no reasonable jurist could debate whether Petitioner's motion should have been resolved in a different manner, as there is no evidence in the record from which one could conclude that the Court acted coercively or improperly. Petitioner has not made a substantial showing of the denial of a constitutional right with respect to his claims and therefore should not receive any encouragement to proceed further. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's certificate of appealability is **DENIED.**

**SO ORDERED.**

Dated:   June 8, 2007                                    s/Paul V. Gadola
                                                         HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 8, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                          Mark C. Jones                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                    Antoinne Piner                    .

                                                         s/Ruth A. Brissaud
                                                         Ruth A. Brissaud, Case Manager
                                                         (810) 341-7845