UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                     Criminal No. 90-cr-50024

        Plaintiff,

                                     Hon. Mark A. Goldsmith

v.                                  United States District Judge

ANTOINNE PINER

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE (DKT. 1330)

### I.   INTRODUCTION

In this criminal case, Defendant Antoinne Piner asks the Court to eliminate the $25,000 fine that was assessed against him as part of the Court's sentence for his drug crimes in 1991. Because the Court does not have the authority to grant the relief Defendant seeks under 18 U.S.C. §§ 3582 or 3572, the Court denies Defendant's motion.

### II.   BACKGROUND

Defendant was sentenced by Judge Newblatt in October 1991 to 360 months imprisonment for charges relating to drug distribution.[1] Piner v. United States, 182 F.3d 918 (Table), 1999 WL 454708, at *1 (6th Cir. June 21, 1999). He also was sentenced to a consecutive term of 60 months for using and carrying a firearm during and in relation to a drug trafficking crime. Id. The parties do not dispute that Judge Newblatt also imposed a $25,000 fine as part of Defendant's sentence. Def.'s Mot. at 1 (Dkt. 1330), Gov't Resp. at 1 (Dkt. 1331).

---

[1] Defendant's imprisonment subsequently was reduced to 240 months. Order Regarding Mot. for Sentence Reduction (Dkt. 1325).

Defendant now requests that the Court expunge the fine pursuant to 18 U.S.C. § 3582(c)(2). Def.'s Mot. at 1. Defendant claims that he is working full time, but that he is financially unable to pay the $25,000 fine. Id. at 2-3. The Government filed a response, asserting that the Court does not have the jurisdiction to modify or eliminate the fine under 18 U.S.C. § 3582(c)(2). Gov't Resp. (Dkt. 1331).

### III.   ANALYSIS

The Sixth Circuit has made clear that "[a] district court may modify a defendant's sentence only as provided by statute." United States v. Williams, 607 F.3d 1123, 1125 (6th Cir. 2010) (quoting United States v. Johnson, 564 F.3d 419, 421 (6th Cir. 2009)). Defendant claims he seeks relief pursuant to 18 U.S.C. § 3582(c)(2): "Modification of an imposed term of imprisonment." Def.'s Mot. at 1. That provision provides, as pertinent here, as follows: "The court may not modify a term of imprisonment once it has been imposed[,] except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment" after considering certain statutory factors. However, Defendant does not seek to reduce his term of imprisonment; rather, he seeks to eliminate the fine imposed upon him. As such, section 3582(c)(2) is inapplicable.[2]

---

[2] Defendant also has not requested that the Court modify his monthly payments or make other adjustments to his payment terms under 18 U.S.C. § 3583(e)(2) while he is on supervised release. See United States v. Chambers, No. 87-80933, 2013 WL 55688, at *1 n.1 (E.D. Mich. Jan. 3, 2013); see also United States v. Akinrosotu, 637 F.3d 165, 167-168 (2d Cir. 2011). Rather, he seeks expungement, i.e., to eliminate the fine. As explained below, the Court cannot do so. United States v. Gross, No. 01-80769, 2013 WL 436516, at *2 (E.D. Mich. Feb. 5, 2013) ("A fine, special assessment, and restitution orders imposed at sentencing are independent criminal penalties and may not be modified during the supervised release period of the sentence.").

On the other hand, Defendant's request could be interpreted as seeking modification or elimination of the fine pursuant to 18 U.S.C. § 3572(c). Under that statute, a sentence to pay a fine may be:

(1) modified or remitted under section 3573;

(2) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified under section 3742.

Nevertheless, even under this interpretation, Defendant's request must be denied because it does not fit within one of the above categories.

First, 18 U.S.C. § 3573 permits a court to remit an unpaid portion of the fine, defer payment of the fine, or extend a date certain, all "[u]pon petition of the Government." However, it is Defendant — not the Government — requesting the relief here. Accordingly, section 3573 does not apply. See United States v. Mays, 13 F. App'x 283 (6th Cir. 2001) ("by its own terms, [18 U.S.C.] § 3573 applies strictly to the government and not to defendants.") (citing United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990) ("The language of this section is plain and unambiguous. By its own terms, it applies strictly to the Government, and not to defendants.")).

Second, Federal Rule of Criminal Procedure 35 is no more helpful to Defendant. Rule 35(a) permits a court to correct a sentence that "resulted from arithmetical, technical, or other clear error," "[w]ithin 14 days after sentencing." Defendant does not seek to expunge his fine as a result of "arithmetical, technical, or other clear error"; rather, he claims hardship. Moreover, this request was not filed within 14 days of his 1991 sentencing. Likewise, Rule 35(b) allows for a reduction of a sentence for substantial assistance, but only "[u]pon the government's motion." As with section 3573, the instant request is upon Defendant's motion, not the Government's.

3

Moreover, there is no indication that Defendant has provided "substantial assistance in investigating or prosecuting another person." Accordingly, Rule 35 does not apply.

Lastly, 18 U.S.C. §§ 3742(a) and (e) permit review of a sentence on appeal if the sentence (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the sentencing guidelines, (3) is greater than the sentence specified in the applicable guideline range, or (4) was imposed for an offense for which there is no guideline, and is plainly unreasonable. However, Defendant does not argue that any of these apply. Rather, as mentioned above, he seeks to expunge the fine due to financial hardship. Def.'s Mot. at 3. Moreover, this case has not been appealed pursuant to section 3742 and that section does not provide the district court — as opposed to the appellate court — with initial authority to modify or review a sentence. See Jones v. United States, 214 F. Supp. 2d 780, 783 (E.D. Mich. 2002).

Accordingly, the Court denies Defendant's request to eliminate the $25,000 fine.[3]

## IV. CONCLUSION

The Court denies Defendant's motion for modification of sentence (Dkt. 1330).

---

[3] The Court notes, however, that whether the fine is still collectable is a separate question. Under the law as it stands today, 18 U.S.C. § 3613(b) terminates liability to pay a fine upon "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." At the time of Defendant's sentencing, however, that statute limited the timing of the enforceability of fines to 20 years from the entry of the judgment or upon death. See United States v. Chambers, No. 87-80933, 2013 WL 55688, at *1 (E.D. Mich. Jan. 3, 2013). Nevertheless, the question of enforceability is not presently before the Court; rather, Defendant has requested outright expungement, which this Court cannot grant. See id., 2013 WL 55688, at *1 ("Although Defendant might well be correct that he can no longer be held liable for payment of the $350,000 fine imposed in the March 24, 1989 judgment, he fails to suggest a basis for amending this judgment to reflect the apparent impact of § 3613(b).").

SO ORDERED.

Dated: November 13, 2013                s/Mark A. Goldsmith
      Flint, Michigan                MARK A. GOLDSMITH
                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2013.

                                               s/Deborah J. Goltz
                                               DEBORAH J. GOLTZ
                                               Case Manager